People v Newton (2019 NY Slip Op 04582)





People v Newton


2019 NY Slip Op 04582


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


596 KA 17-00109

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DWIGHT J. NEWTON, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN, FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (James P. McClusky, J.), rendered October 28, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of forgery in the second degree (§ 170.10 [1]). The pleas were taken during one proceeding, during which defendant waived his right to appeal. Before sentencing, defendant was arrested for another offense, and County Court imposed enhanced sentences on these two convictions, which defendant now contends are unduly harsh and severe. Even assuming, arguendo, that the waiver of the right to appeal is valid, we conclude that it does not encompass defendant's contention inasmuch as the court failed to advise defendant prior to his waiver "of the potential period of incarceration that could be imposed for an enhanced sentence" (People v Tyo, 140 AD3d 1697, 1699 [4th Dept 2016], lv denied 28 NY3d 1127 [2016] [internal quotation marks omitted]; see People v Scott, 101 AD3d 1773, 1774 [4th Dept 2012], lv denied 21 NY3d 1019 [2013]). We conclude, however, that the sentences are not unduly harsh or severe.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court